UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MATTHEW SHEEHAN,

Plaintiff,

vs.

ACCENTURE LLP,

Defendant.

Case No. _____

**DEFENDANT ACCENTURE LLP's NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Accenture LLP ("Defendant"), by and through its undersigned counsel, hereby removes the above-captioned action from the Massachusetts Superior Court for Suffolk County to the United States District Court for the District of Massachusetts, and, as grounds for said removal, states as follows:

**JURISDICTIONAL STATEMENT**

**I.    INTRODUCTION**

1.    This case is hereby removed from state court to federal court under diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between the parties and the relief Plaintiff Matthew Sheehan ("Plaintiff") seeks clearly demonstrates the amount in controversy in this case exceeds $75,000. Therefore, this Court has original jurisdiction under 28 U.S.C. §1332(a)(1).

**II.    VENUE**

2.    The action was filed in the Massachusetts Superior Court for Suffolk County. Venue therefore properly lies in the United States District Court for the District of Massachusetts, Eastern Division pursuant to 28 U.S.C. §§ 1391, 1441(a) and D. Mass. LR. 40.1.

1

### III.    STATE COURT ACTION

3.    On February 25, 2026, Plaintiff filed a complaint (the "Complaint") against Defendant in the Massachusetts Superior Court for Suffolk County (the "State Action"). True and correct copies of all documents filed in the State Action are submitted herewith as Exhibit A. No answers or other responsive pleadings have been filed in the State Action.

4.    Defendant received a copy of the Complaint in the State Action on February 25, 2026. Defendant has not yet been served with the Complaint in this matter. Thus, this Notice of Removal is timely and proper under 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days of Defendant's receipt of the Complaint and before service has taken place.

5.    No other defendant is named in the Complaint.  Defendant is not aware of any other defendant having been served with a copy of Plaintiff's Complaint.

### IV.    BACKGROUND ON THE STATE ACTION

6.    Plaintiff is a former employee of Defendant. Compl. p. 1.

7.    Plaintiff alleges that "a substantial part of the events giving rise to this claim occurred within Suffolk County." *Id*. ¶ 4.

8.    Plaintiff brought the State Action asserting causes of action concerning alleged "unlawful employment discrimination, retaliation, and violation of statutory rights." *Id.* p. 1. Specifically, Plaintiff brings claims for retaliation under the Massachusetts Paid Family and Medical Leave Act, Mass. Ann. Laws ch. 175M, § 9(c), and disability discrimination, age discrimination, and retaliation under Mass. Ann. Laws ch. 151B.

## V.    BASIS OF JURISDICTION PURSUANT TO 28 U.S.C. § 1332

9.    The Court has original jurisdiction over this action because it is an action between "citizens of different States" involving an amount in controversy that exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1); 28 U.S.C. § 1441(a).

10.    Plaintiff resides at 168 Marlboro Road, Southborough MA 01772. *See* Compl. ¶ 1. Therefore, Plaintiff is a citizen of Massachusetts.

11.    Defendant Accenture LLP is a limited liability partnership formed under the laws of Delaware with its principal place of business in Illinois. Defendant Accenture LLP has the following partners: Accenture LLC, Accenture Inc., Accenture Sub II Inc., Accenture Sub III Inc., Accenture Sub IV Inc., and Accenture Sub V Inc.

12.    Accenture LLC is a Delaware limited liability company with its principal place of business in Illinois, and its sole member is Accenture Sub LLC. Accenture Sub LLC is a Delaware limited liability company with its principal place of business in Illinois, and its sole member is Accenture Inc.

13.    Accenture Inc., Accenture Sub II Inc., Accenture Sub III Inc., Accenture Sub IV Inc., and Accenture Sub V Inc. are all Delaware corporations with their principal places of business in Illinois.

14.    Defendant Accenture LLP, therefore, is a citizen of the States of Illinois and Delaware.

15.    Accordingly, complete diversity of citizenship existed between Plaintiff and Defendant at the time of filing of the State Action, and it exists at the time of removal.

16.    Plaintiff does not specifically allege an amount in damages in the Complaint; nor does he allege that the amount in controversy is less than $75,000. Rather, Plaintiff claims that he

3

"has suffered and continues to suffer damages, including but not limited to lost wages and benefits, emotional distress, and other pecuniary and non-pecuniary losses" (Compl. ¶¶ 32, 41, 49, 56) and "seeks an award three times the total amount of lost wages, benefits, and other compensation, attorneys' fees, and litigation costs" (*id.* ¶ 32) as well as punitive damages under Mass. Ann. Laws ch. 151B, § 9. *Id.* ¶¶ 41, 49, 56. Where, as here, "the complaint does not state the amount in controversy, 'the defendant's notice of removal may do so.' A defendant's notice of removal must only include a 'plausible allegation' that the amount in controversy exceeds $75,000.'" *Banks v. Saba*, Civil Action No. 21-10746-FDS, 2021 U.S. Dist. LEXIS 181888, at *19-20 (D. Mass. Sep. 23, 2021) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 89 (2014)).

17.     Plaintiff seeks damages under statutes that provide for attorneys' fees and damage multipliers, which are included in the amount in controversy. *See Williams v. Toys "R" Us - Del., Inc.*, No. 15-13943-MLW, 2016 U.S. Dist. LEXIS 134905, at *4 (D. Mass. Sep. 28, 2016) ("Both the damage multiplier and the attorney's fees must be included in the amount in controversy" for plaintiff's Chapter 151B discrimination claim); *see also Spielman v. Genzyme Corp.*, 251 F.3d 1, 6 (1st Cir. 2001) (holding attorneys' fees are included in the amount-in-controversy calculation when a statute allows recovery of such fees). Plaintiff's base pay at the time of his termination in October 2023 (*see* Compl. ¶ 22) was $200,000 per year, and he is seeking more than a year of back pay. As such, Plaintiff's potential back pay damages alone exceed $75,000.[1] *See, e.g., Williams*, 2016 U.S. Dist. LEXIS 134905, at *5-6 (finding "by a preponderance of evidence that if judgment were to enter in [plaintiff's] favor, [defendant] would be liable for back pay in the

---

[1] Defendant notes that it, of course, does not concede or admit in any way that Plaintiff is entitled to any damages. Defendant reserves all rights.

4

full amount of her salary from [date of termination], to at least [date of motion to remand]," which "[t]hat alone would be $82,200. [Plaintiff] also seeks punitive damages and attorney's fees. Therefore, the amount in controversy exceeds $75,000 and removal was proper.").

18.    Additionally, Plaintiff seeks punitive damages, which are recoverable under Mass. Ann. Laws ch. 151B, § 9, and it is well established that "[p]unitive damages 'must be considered to the extent claimed in determining the jurisdictional amount' when such damages 'are recoverable under a complaint.'" *Plant v. TD Bank Wealth Mgmt.*, Civil Action No. 18-30145-MGM, 2019 U.S. Dist. LEXIS 232162, at *8 (D. Mass. Sep. 16, 2019) (quoting *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943)). Thus, Although Defendant denies all liability and does not concede that Plaintiff is entitled to any damages whatsoever, the amount in controversy in this case exceeds the jurisdictional amount of $75,000, exclusive of costs and interest.

19.    For the foregoing reasons, the Court has original jurisdiction of this action, pursuant to 28 U.S.C. § 1332(a)(1), as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different States.

20.    Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Here, this Court has original jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1332. Accordingly, removal of the State Action is appropriate.

## VI.    CONCLUSION

21.    No admission of fact, law, or liability is intended by the Notice of Removal, and all defenses, affirmative defenses, and motions are hereby reserved.

22.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Massachusetts Superior Court for Suffolk County, and a copy is being served upon Plaintiff.

WHEREFORE, Defendant removes the above-captioned action from the Massachusetts Superior Court for Suffolk County to the United States District Court for the District of Massachusetts.

Dated: March 27, 2026                              Respectfully submitted,

*/s/ Tyler E. Chapman*

Tyler E. Chapman
TODD & WELD LLP
One Federal Street
Boston, MA 02110
Tel. 617.624.4802
tchapman@toddweld.com

Michael Roche (*pro hac vice* forthcoming)
Shannon Miller (*pro hac vice* forthcoming)
WINSTON & STRAWN LLP
300 North LaSalle Drive
Suite 4400
Chicago, IL 60654-3406
Tel. 312-558-5600
Fax 312-558-5700
mroche@winston.com
slmiller@winston.com

*Counsel for Defendant*